# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | :|
|---|---|
| **SHERMAN WILKINS,** | : |
| **Plaintiff,** | : |
| v. | : CIVIL NO. 09-2581 |
| | : |
| **BOZZUTO & ASSOCIATES, INC.,** | : |
| **Defendant.** | : |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                                                             **December 10, 2009**

        This case involves allegations of racial discrimination brought by Plaintiff Sherman Wilkins against Defendant Bozzuto & Associates, Inc.[1] Presently before the Court is Defendant's Motion to Dismiss Amended Complaint[2] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff, an African-American male, worked for Defendant from July 2007 until June 13, 2008.[3] Plaintiff's title was Maintenance Technician, and he worked at the Riverview Landing apartment complex. On April 3, 2008, Bob Antucci, a Caucasian male, replaced Plaintiff's

---

[1] Defendant admits in its Motions to Dismiss that it employed Plaintiff, but states that the proper name of the employing entity is Bozzuto Management Company, not Bozzuto & Associates, Inc. Nonetheless, it submits the Motions on behalf of the named Defendant, and does not argue the improper naming of defendant as a ground for dismissal.

[2] Doc. No. 5.

[3] Compl. ¶ 12.

1

supervisor, Michael Berryman, an African-American male.[4] Plaintiff alleges that while Antucci was his supervisor, he did not receive any complaints from residents regarding his work. On June 13, 2008, Plaintiff was terminated. Upon his termination, Property Manager Tracy Ungareeta told Plaintiff it "just was not working out."[5]

On May 8, 2009, Plaintiff brought this action in the Court of Common Pleas of Philadelphia County, pleading one count of wrongful termination and one count of racial discrimination. In support of the unlawful discrimination claim, Plaintiff claimed violation of the Pennsylvania Human Relations Act ("PHRA"),[6] at the same time citing 42 U.S.C. § 2000e-2, et seq., Title VII of the Civil Rights Act ("Title VII"), as the basis for his claim.[7] On June 8, 2009, Defendant removed the case to this Court, alleging subject matter jurisdiction under Title VII of the Civil Rights Act. Subsequently, in response to the Complaint, Defendant filed a Motion to Dismiss, arguing that Plaintiff's case should fail because 1) the wrongful termination claim is preempted by the PHRA and 2) the facts are insufficient to support a "plausible" claim of discrimination as defined in Bell Atlantic v. Twombly.[8]

Two days later, Plaintiff filed a "First Amended Complaint," clarifying the basis for federal jurisdiction, outlining the steps that were taken to exhaust procedural and administrative remedies, and removing the wrongful termination claim. The First Amended Complaint contains

---

[4] Id. ¶ 13.

[5] Id. ¶ 15.

[6] 43 Pa. Const. Stat. §951 et seq.

[7] Plaintiff also cites 42 U.S.C. § 1981 in reference to the PHRA.

[8] 550 U.S. 544 (2007).

two counts of race discrimination, one under Title VII and the second under 42 U.S.C. § 1981. The First Amended Complaint includes the same facts in the original Complaint, with one additional fact: Plaintiff declares that to his knowledge, when he was terminated, the employee that replaced him was not African-American.[9]

Defendant thereafter filed the instant Motion to Dismiss. While the motion removes grounds for dismissal based on PHRA preemption, the contention that Plaintiff's claims fail to meet the Twombly plausibility standard remain. Plaintiff counters that the amended pleading establishes a prima facie case of race discrimination and meets the pleading standard in Twombly.[10]

## II. STANDARD OF REVIEW

A complaint can be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has not presented "'enough facts to raise a reasonable expectation that discovery will reveal evidence' of [a] necessary element."[11] A court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[12] However, a plaintiff's "bald assertions" or "legal conclusions" need not be accepted as true by the court.[13] At this stage, the court does not determine whether the non-moving party will prevail, but whether it will be permitted to offer evidence in

---

[9] First Am. Compl. ¶ 20.

[10] Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss. Defendant subsequently filed a Reply to Opposition to Motion to Dismiss, reiterating its previous argument regarding insufficient factual evidence.

[11] Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

[12] Id. at 233.

[13] In Re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997).

3

support of the claims in the complaint.[14]

This particular pleading standard, described in Federal Rule of Civil Procedure 8(a)(2) as "a short and plain statement of the claim showing that the pleader is entitled to relief"[15] has been addressed twice by the Supreme Court of the United States in recent years, first in Twombly and then in Ashcroft v. Iqbal.[16] The Court in Twombly articulated a "plausibility" standard that a plaintiff must meet by its factual allegations to survive a motion to dismiss. The Court described it as a level higher than suspicion or speculation.[17] The Iqbal Court, applying the Twombly standard in a discrimination case, offered further explanation and support, stating "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"[18]

### III. DISCUSSION

Title VII of the Civil Rights Act, Plaintiff's legal basis for Count I, protects against unlawful employment discrimination based on race, including decisions to fire or hire an individual. A plaintiff in a Title VII case must prove four elements to establish a prima facie case of discrimination: 1) he is a member of a protected class, 2) he was qualified to perform his job, 3) he suffered an adverse employment action, and 4) circumstances existed related to said action that give

---

[14] Fay v. Muhlenberg College, 2008 U.S. Dist. LEXIS 5063, at *4 (E.D. Pa. Jan. 23, 2008) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

[15] FED. R. CIV. P. 8(a)(2).

[16] 129 S. Ct. 1937 (2009).

[17] The decision in Twombly retired the previous standard articulated in Conley v. Gibson, 355 U.S. 41 (1957), allowing dismissal if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson, 355 U.S. at 45-46.

[18] Iqbal, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

rise to an inference of discrimination.[19] Defendant does not dispute that the first three elements can be reasonably met by the facts provided in the complaint; however, it disputes element four, as there are insufficient facts to support an inference that Defendant discriminated against Plaintiff based on his race. It contends that Plaintiff's recitations are merely "formulaic" and cannot withstand dismissal in a "post-Twombly world."[20]

The Court agrees with Defendant's argument on element four: taking Plaintiff's factual allegations as true, there are still insufficient facts to plausibly conclude that Defendant was motivated by racial animus. With the information presented, no more than a "mere possibility" of Plaintiff's right to relief can exist, as Plaintiff does not record one incident in which employees of other races were treated differently, or an occasion in which his new supervisor expressed or displayed racial bias. Plaintiff simply states, in conclusory fashion, that his firing was related to his race, based upon the race of his supervisor, his lack of knowledge of complaints filed regarding his work within the relevant time period, and the unverified race of the employee who was subsequently hired to replace him.

Plaintiff has ignored opportunities to plead additional facts to meet the plausibility standard, yet he has been unwilling or unable to do so. In his First Amended Complaint, with notice that Defendant was seeking dismissal pursuant to Rule 12(b)(6) and the plausibility pleading standard, Plaintiff failed to provide further facts of racial discrimination, only offering one additional fact ("upon information and belief") that a non-African-American employee had replaced him after

---

[19] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

[20] Mem. of Law in Support of Def.'s Mot. to Dismiss Am. Compl. 3.

his termination.[21] Plaintiff had a second opportunity to supplement his pleadings after the second Motion to Dismiss was filed, and further, his response to the instant motion lacks any explanation of the circumstances that led him to believe that racial discrimination was involved in Defendant's hiring and firing decisions.

District courts in the Third Circuit post-Twombly have considered substantially similar cases with the same result; they are in accord that such averments submitted by Plaintiff are insufficient to withstand a motion to dismiss, and in fact, have dismissed cases with significantly more facts pleaded in the plaintiff's favor.[22] As the Court in Iqbal explained in reference to the allegations of discrimination therein, "[defendants] cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic. Yet respondent's complaint does not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind."[23] The instant case is clearly analogous.

The analysis for Plaintiff's claim in Count II under 42 U.S.C. § 1981 leads to the same conclusion. Section 1981 provides equal rights for all to "make and enforce contracts" and to enjoy "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."[24] Plaintiff does not offer facts that suggest that he was treated differently in the performance of his employment contract than any individual of another race, and the fact that a non-African-American individual was hired to replace him is not sufficient to support

---

[21] First Am. Compl. ¶ 20.

[22] See Distajo v. PNC Bank, 2009 U.S. Dist. LEXIS 100649, at *7-12 (E.D. Pa. Oct. 27, 2009); Wilson v. Pallman, 2009 U.S. Dist. LEXIS 69459, at *20 (E.D. Pa. Aug. 7, 2009).

[23] Iqbal, 129 S. Ct. at 1952.

[24] 42 U.S.C. § 1981(a) (1991).

a "reasonable expectation" that evidence of racial animus would be revealed in discovery. Therefore, Count II is subject to dismissal as well.

An appropriate Order follows.